PATRICK O'FARRELL, Appellant, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Respond-
ent.

### Kansas City Court of Appeals, March 1, 1909.

**STREET CARS: Personal Injury: Obvious Peril: Evidence.**
*Held*, plaintiff failed to produce evidence showing that his con-
dition of peril could, by the exercise of ordinary care, have been
discovered by the motorman in charge of a street car in time
to have avoided his injury.

Appeal from Jackson Circuit Court.—*Hon. R. B.
Middlebrook*, Special Judge.

AFFIRMED.

*Boyle & Howell* and *Guthrie & Smith,* for appel-
lant, filed argument.

*John H. Lucas* and *Ben T. Hardin* for respondent.

(1) The action of the trial court in granting a
new trial in this cause must be affirmed, even if the
case had been properly submitted to the jury under
correct instructions, which we say was not done. Ca-
sey v. Transit Co., 186 Mo. 232; Rodan v. Transit Co.,
207 Mo. 406; Seeger v. Silver Co., 193 Mo. 407; McCarty
v. Transit Co., 192 Mo. 396; Ottomeyer v. Pritchett, 178
Mo. 165; Warner v. Railroad, 178 Mo. 129; Moore v.
Railroad, 176 Mo. 545; Emmons v. Quade, 176 Mo. 29;
Herndon v. Lewis, 175 Mo. 125; Roberts v. Tel. Co.,
166 Mo. 385; Coleman v. Cole, 158 Mo. 260; Neville
v. Railroad, 158 Mo. 318; Graney v. Railroad, 157 Mo.
678; Grace v. Railroad, 156 Mo. 301; Kuenzel v. Ste-
vens, 155 Mo. 285; Haven v. Railroad, 155 Mo. 232;
Hoeper v. Hotel Co., 142 Mo. 387; State ex rel. v.
Adams, 84 Mo. 310; Baughman v. Waterworks Co., 58

136 App—23

Mo. App. 576; Nulton v. Croskey, 111 Mo. App. 18. (2)   But the court's action in setting the verdict aside and granting a new trial was eminently correct.   Abbott v. Mining Co., 112 Mo. App. 550; Hanheide v. Transit Co., 104 Mo. App. 323; Laughlin v. Gerardi, 67 Mo. App. 372; Standfield v. Loan Assn., 53 Mo. App. 595; Hill v. Drug Co., 140 Mo. 433.

BROADDUS, P. J.—This is a suit for damages for injuries sustained as the alleged result of the defendant's negligence.

The facts are as follows:   On September 4, 1906, the plaintiff started in a southeasterly direction to cross the street and take passage on defendant's eastbound car at the usual stopping place of the defendant on Strong avenue in the city of Argentine, Kansas. While he was proceeding along between the east and west-bound tracks of defendant he was struck and injured.   The plaintiff resided and did business as a grocer at the corner of King street and Strong avenue. At the time mentioned, the plaintiff as he stepped out of his door saw a car coming from the west which it was his purpose to board. As this car approached King street, he attempted to cross Strong Avenue in front of it and go to the southeast corner, the usual stopping place, but by the time he got to the track the car was too far advanced for him to do so.   Then being between the two tracks, he turned eastward in a run, keeping his eye on the motorman and signaling him to stop the car.   In this manner he passed over King street a distance of sixty or seventy feet.   While he was so proceeding he saw a woman standing on the southeast corner waiting for a car, which caused him to believe that it would stop for her; he then changed his course to the west, still on the run, and when he got about two-thirds of the distance of the length of the car a car going west came up and he was caught between the two and crushed.   He did not see the car going west until

it was nearly upon him. It was shown that the motor-man could have seen him leaving his place of business in time to have stopped the car before it reached the place where the injury occurred. Such was the plaintiff's case.

The motorman of defendant testified that he saw plaintiff just as he came off the walk in front of his store; that he attempted to stop the car as soon as he saw plaintiff on the tracks in a run; that plaintiff crossed the track in front of his car and was between the two tracks.

The finding of the jury was for the plaintiff. The defendant moved to set aside the verdict of the jury and for a new trial. The court sustained the motion for the following reasons:

"There was an absence of evidence to show the west-bound car could have been stopped in time to have prevented the injury after plaintiff's position became obviously perilous.

"The court erred in not sustaining the defendant's instruction . . . constituting a demurrer to the evidence.

"The court erred in not giving defendant's instruction submitting the question of contributory negli-gence of plaintiff, and in giving plaintiff's instructions on the last-chance doctrine in the absence of evidence to show that the oncoming car could have been stopped in time to have avoided the injury after plaintiff's position became obviously perilous."

The plaintiff appealed from this action of the court in setting aside the verdict and granting a new trial. The several reasons assigned by the court for its action may be resolved into one, viz., that the plaintiff failed to make out a case.

The plaintiff introduced no evidence whatever tending to show that the motorman saw or could have seen that plaintiff was in a condition of peril in time, by the exercise of ordinary care, to have avoided in-

juring him.   All the light that we have on that question comes from the evidence of the motorman which stands uncontradicted, that when he discovered plaintiff's danger he was so close to him that he did not have time to stop his car until the cars met and caught plaintiff between them.   The plaintiff's testimony in his behalf consisted alone of what he observed.   All that he saw of the car going west was just a moment before his injury.

Affirmed.   All concur.